# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| David Richard Walker, Jr. #188417, ) | |
| ) | Civil Action No.: 3:15-03709-JMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| News 10 (wistv), ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court pursuant to Magistrate Judge Jacquelyn D. Austin's Report and Recommendation recommending that this court dismiss Plaintiff's Complaint (ECF No. 11) and Plaintiff's objections (ECF No. 14).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is currently being detained at Lexington County Detention Center ("LCDC"). (ECF No. 11.) On September 3, 2015, Plaintiff filed a claim against Defendant News 10 (wistv) for violation of slander and libel laws. (ECF No. 1.) Plaintiff alleges that on March 5, 2013, Defendant broadcasted both on television and internet, that, according to West Columbia Police Chief Dennis Tyndall, Plaintiff murdered his girlfriend. (ECF No. 1.) Plaintiff also alleges that the News 10 broadcast alleged that Plaintiff was later stopped by police and that Plaintiff told them he was wanted for murder. (ECF No. 1.) Plaintiff states that this broadcast information was untrue. (ECF No. 1.) On October 14, 2015, Magistrate Judge Austin filed a Report and Recommendation recommending that Plaintiff's claim be summarily dismissed either under § 1983 barring suits against inanimate objects and groups of people or due to News 10 not acting under the color of state law. (ECF No. 11.) Concurrently, the parties were advised of their right to file objections. (ECF No. 11.) On November 2, 2015, Plaintiff timely objected. (ECF No. 14.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1).

A federal court must give a *pro se* litigant's filings liberal construction in order to allow for the development of a meritorious case where one can be found. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A *pro se* complaint, regardless of how inartfully pled it may be, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 111 (1976). The court should analyze a complaint under the assumption that all of the allegations are true. *Bell AtlanticCorp. v. Twombly*, 550 U.S. 544, 555 (2007). The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. However, the requirement for liberal construction does not allow a court to ignore a clear failure to allege facts that set forth a valid claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Here, Plaintiff's objections merely restate his claim. Plaintiff alleges that News 10 violated his rights and invaded his privacy with slander. (ECF No. 14 at 2.) Plaintiff clarifies that he is making a § 1983 civil rights claim. (ECF No. 14 at 3.) Plaintiff alleges that Defendant's broadcasts are defamatory and in the violation of libel laws and claims that the libel lead to other individuals attempting to seek him out and attempt violent crimes against him (ECF No. 14 at 5.)

The court observes that none of Plaintiff's allegations specifically answer to the defects pointed out by the Magistrate Judge, with which this court agrees. Moreover, Plaintiff has failed to allege either that Defendant is an individual and not an inanimate object or group of people or that Defendant was acting under the color of state law as required under § 1983. (ECF No. 11.)

Plaintiff's objections are insufficiently specific to warrant *de novo* review of this case pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure. Where objections are nonspecific, a Magistrate Judge's recommendation is only reviewed for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 46 F.3d 310, 315 (4th Cir. 2005). Here, the Magistrate Judge has committed no clear error in her review of Plaintiff's § 1983 claim. Due to the above reasons, the Magistrate Judge's Recommendation (ECF No. 11) is **ADOPTED** and Plaintiff's Claim (ECF No.1) is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

United States District Judge

July 31, 2017
Columbia, South Carolina

3